THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONRADO OLIVARES, JOSE LUIS MARTINEZ GARCIA, RAUL G. MORALES, ABRAHAM MENDEZ, JOSE L. VELEZ, LORENZO A. JARAMILLO, ANTONIO JARAMILLO, FRANCISCO J. RODRIGUEZ, AND IVAN O. VILLANOVA, | § § § § § § § § § | |
| | § | CIVIL ACTION NO.4:09-cv-00552 |
| Plaintiffs, | § § | (JURY) |
| v. | § § | |
| MAB FLOORING, LTD., MAB LEASING AND SERVICES, INC., AND MARIE A BELL, | § § § | COLLECTIVE ACTION |
| | § | |
| Defendants. | § | |

PLAINTIFFS' FIRST AMENDED COLLECTIVE ACTION COMPLAINT

SUMMARY OF SUIT

1.   Defendants MAB Flooring, Ltd. and MAB Leasing & Services, Inc. (collectively "the Company") provide commercial flooring services throughout the State of Texas.   Defendant Marie Bell ("Bell") is the Company's President and Director.  The Company and Bell (collectively, the "Defendants") failed to pay its former employees, Conrado Olivares, Jose Luis Martinez Garcia, Raul G. Morales, Abraham Mendez, Jose L. Velez, Lorenzo A. Jaramillo, Antonio Jaramillo, Franciso Rodriguez, and Ivan O. Villanova ("Plaintiffs"), for all hours worked during their employment with the Company.  The Company also failed to pay Plaintiffs overtime

-1-

compensation for all hours worked in excess of forty (40) hours in a workweek during this same time.

2.    Accordingly, Plaintiffs bring this collective action to recover unpaid wages, unpaid overtime wages, liquidated damages, and attorneys' fees owed them and all other similarly situated employees under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (2008) (the "FLSA").

3.    Since the filing of this lawsuit, one employee, Conrado Olivares, has experienced retaliation by the Company in violation of Section 215(a)(3) of the FLSA.

JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction under 29 U.S.C. Section 216(b)(2009) and 28 U.S.C. Sections 1331 and 1367 (2008).

5.    Plaintiffs bring this Collective Action Complaint in the district in which a substantial portion of the conduct giving rise to the claims charged herein occurred, and in which the Company resided during the time that such claims arose. Accordingly, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2009).

THE PARTIES

6.    Conrado Olivares ("Olivares") is a former employee of the Defendants.    Olivares was employed by the Company to install flooring during the three-year period preceding the filing of this complaint.    In performing his duties, Olivares engaged in commerce or in the production of goods for commerce.    In addition, Olivares

-2-

and the Company were joint employers of Plaintiffs Jose Luis Martinez Garcia, Raul G. Morales, Abraham Mendez, Jose L. Velez, Lorenzo A. Jaramillo, Antonio Jaramillo, Franciso Rodriguez, and Ivan O. Villanova.

7.    Plaintiffs Jose Luis Martinez Garcia, Raul G. Morales, Abraham Mendez, Jose L. Velez, Lorenzo A. Jaramillo, Antonio Jaramillo, Franciso Rodriguez, and Ivan O. Villanova were employed by Olivares and the Company within the meaning of the FLSA during the three-year period preceding the filing of this complaint. Plaintiffs installed flooring for the Company. Although Plaintiffs regularly worked in excess of forty (40) hours per week, they were not paid for all hours worked. In addition, Plaintiffs were not paid at one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. In performing their duties, Plaintiffs engaged in commerce or in the production of goods for commerce. Plaintiffs have previously filed their consents.

8.    MAB Flooring, Ltd. a Texas Limited Partnership, is an enterprise engaged in commerce or the production of goods for commerce and has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and the members of the class.    MAB Flooring, Ltd. has previously made an appearance in this case.

9.    MAB Leasing & Services, Inc., a Texas corporation and the

-3-

general partner of MAB Flooring, Ltd. is an enterprise engaged in commerce or the production of goods for commerce, and has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and the members of the class.   MAB Leasing & Services, Inc. has previously made an appearance in this case.

10.   Marie A. Bell is the Company's President.   Bell is an individual residing in Texas who has engaged in commerce or the production of goods for commerce.   Bell has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and is personally liable for the Company's violations of the FLSA.   Bell  has previously made an appearance in this case.

11.   The "Members of the Class" are all current and former floor installation employees of the Company who were employed by the Company during the three (3) year period preceding the filing of this Complaint.   Like Plaintiffs, these individuals engaged in commerce or in the production of goods for commerce in performing their duties for the Company. These similarly situated persons are referred to as "Members of the Class" or the "Class."

BACKGROUND

12.   The Company provides commercial floor installation in and around the Harris County, Texas area.

13.   At all times, Plaintiffs and Members of the Class were wrongfully and improperly classified as independent contractors. Although Plaintiffs and the Members of the Class were actually

employees of the Defendants and regularly worked in excess of forty (40) hours per week, they were not paid for all hours worked.

14.   Additionally, Plaintiffs and the Members of the Class were not paid at one-and-one-half times their regular rate of pay for hours worked in excess of forty (40) hours each work week.

15.   As a result, Plaintiffs and the Members of the Class were not compensated for all hours worked, nor did they receive overtime pay for all hours worked over forty (40) in each work week.

16.   Bell has a substantial financial interest in the Company, and was directly involved in:

a.   the hiring and firing of the Company's employees;

b.   the day-to-day operations of the Company are they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by Company employees;

c.   the Company's finances; and

d.   corporate decisions.

17.   Plaintiffs originally filed the present lawsuit as a collective action under the Fair Labor Standards Act, 29 U.S.C. Section 216(b)(2009)("FLSA") on February 24, 2009.   Defendants filed an Answer as well as a Counterclaim on April 14, 2009.

18.   Plaintiffs filed an Answer to Defendants' Counterclaim on May 4, 2009.

19.   Shortly thereafter, on June 3, 2009, Defendant MAB Flooring, LTD. filed a state court lawsuit against Plaintiff

Conrado Olivares in the 295th Judicial District, Harris County, Texas. In this suit, Defendant MAB Flooring, Ltd. ("MAB") alleged that Conrado Olivares lured MAB into forming three contracts with Olivares, based upon undisclosed "material misrepresentations to MAB which [Olivares] knew to be false."

20.  MAB also alleges that Olivares then breached these same contracts, based on Olivares' failure to perform and/or abandonment of these contracts. In the state lawsuit, MAB seeks actual, compensatory, and punitive damages, in addition to "reasonable and necessary attorneys' fees, interest, and costs of court." In spite of requests to produce any documentation evidencing notice to Olivares that he was ever about to be, was currently, or had been in breach of the contracts at issue in the state suit, no such documents have ever been produced.

21.  MAB claims that it was misled and deceived into entering multiple contracts with Olivares, and that Olivares then failed to perform such contracts, justifying MAB's fraudulent state court lawsuit against Olivares for actual damages, compensatory damages, punitive damages, attorneys' fees and interest. This state court lawsuit was brought in retaliation against Olivares for filing a wage claim under the FLSA against Defendants, action taken by Mr. Olivares just months prior to Defendants' bringing their state court lawsuit against Olivares.

## PLAINTIFFS' INDIVIDUAL ALLEGATIONS

### Failure To Pay Minimum Wage

22.  The Company regularly refused to compensate Plaintiffs for all hours worked each week. No justification or excuse existed for the Company's practice of failing to compensate Plaintiffs for all work performed each week. As such, the Company failed to pay Plaintiffs minimum wages for all hours worked.  Failure to pay minimum wages was and is in violation of the FLSA.

### Failure To Pay Overtime Wages

23.  As non-exempt employees, Plaintiffs were entitled to be paid at time-and-one-half their regular rate for all hours worked in excess of forty (40) hours in a workweek.  29 U.S.C. § 207(a)(2008).  Accordingly, the Company's practice of failing to pay Plaintiffs time-and-one-half for all overtime hours worked was and is in violation of the FLSA.

24.  No exemption excuses the Company from paying Plaintiffs overtime rates for all hours worked over forty (40) per workweek. Nor has the Company made a good faith effort to comply with the FLSA.  As such, the Company knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiffs.  Such practice was and is a clear violation of the FLSA.

25.  Plaintiffs are entitled to their unpaid wages for all hours worked.  Plaintiffs are also entitled to liquidated damages

in an amount equal to their unpaid wages.

26.    Additionally, Plaintiffs are entitled to overtime pay in an amount which is one-and-one-half times their appropriate regular rate.    Plaintiffs are also entitled to an amount equal to their unpaid overtime wages as liquidated damages.

27.    Plaintiffs are entitled reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b)(2008).

COLLECTIVE ACTION ALLEGATIONS

28.    Other employees have been victimized by the Company's pay practices and policies which are in willful violation of the FLSA. A number of these employees have worked with Plaintiffs.    Thus, Plaintiffs are aware that the illegal practices or policies of the Company have been imposed on the Members of the Class.

29.    The Members of the Class performed work which is similar in nature to that performed by Plaintiffs, i.e., commercial floor installation.    Accordingly,    the    employees    victimized    by    the Company's unlawful practices are similarly situated to Plaintiffs in terms of their job duties.

30.    Further, each member of the class was paid according to a common payment scheme.    Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by    using    a    single    mathematical    formula    that    is    individually applicable to each Member of the Class.    The Members of the Class are, therefore, similarly situated in terms of pay provisions.

-8-

31. The Company's failure to pay both minimum wages and overtime compensation as required by the FLSA results from a generally applicable policy which does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is specifically prohibited by the FLSA. Thus, Plaintiffs' experiences are typical of the experiences of the Members of the Class.

32. No justification or exemption excuses the Company from paying the Members of the Class minimum wages or overtime pay for all hours worked over forty (40) per workweek. Nor has the Company made a good faith effort to comply with the FLSA. As such, the Company knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding both minimum wage and overtime compensation with respect to the Members of the Class.

33. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> All current and former full-time employees who installed commercial flooring who were employed by the Company during the three-year period preceding the filing of this Complaint.

## CAUSES OF ACTION

## FAILURE TO PAY MINIMUM WAGE AND FAILURE TO PAY OVERTIME

34. Plaintiffs incorporate all allegations contained in paragraphs 1-33.

35. Neither Plaintiffs nor the Members of the Class were compensated for all hours worked. The Company's practice of

failing to pay Plaintiffs and the Members of the Class for all hours worked was and is a violation of the minimum wage provisions of the FLSA.

36.    Although Plaintiffs and the Members of the Class routinely worked more than forty (40) hours per week, neither Plaintiffs nor the Members of the Class were compensated at one-and-one-half times their regular rate for all such hours.  The Company's practice of failing to pay Plaintiffs and the Members of the Class all of their overtime pay for such hours was and is in violation of the FLSA.

37.    Plaintiffs and the Members of the Class are therefore entitled to both their unpaid wages and their overtime pay in an amount which is one-and-one-half times their appropriate regular rates for all hours worked over forty (40) hours in a workweek.

38.    Additionally, Plaintiffs and the Members of the Class are entitled to an additional amount equal to all their unpaid wages and overtime wages as liquidated damages.

39.    Plaintiffs and the Members of the Class are entitled to reasonable attorneys' fees and costs of this action. 29 U.S.C.A. § 216(b)(West 2009).

### B. Retaliation

40.    Within months of filing an Answer in this lawsuit, Defendants retaliated against Plaintiff Conrado Olivares by filing a groundless state court lawsuit against him.  The  retaliation

experienced by Olivares was a direct result of, and caused by, the Plaintiff's complaints regarding the Company's failure to pay overtime compensation.   The Company's actions constitute a violation of 29 U.S.C. Section 215(a)(3)(2009).

41.  Further, this conduct is wholly inconsistent with a good faith effort by the Company to comply with the FLSA. Instead, the Company knowingly, wilfully, or with reckless disregard retaliated against Olivares in violation of the FLSA.  Therefore, in addition to attorneys' fees and costs, Olivares seeks compensatory damages, liquidated damages, and punitive damages in connection with the Company's unlawful retaliatory conduct.

JURY DEMAND

42.  Plaintiffs request a trial by jury.

PRAYER

WHEREFORE, Plaintiffs Conrado Olivares, Jose Luis Martinez Garcia, Raul G. Morales, Abraham Mendez, Jose L. Velez, Lorenzo A. Jaramillo, Antonio Jaramillo, Franciso Rodriguez, and Ivan O. Villanova request that this Court award them and the Members of the Class judgment, jointly and severally, against Defendants MAB Flooring, Ltd., MAB Leasing & Services, Inc. and Marie A. Bell, individually, for:

a.  compensatory damages for the full amount of unpaid wages and unpaid overtime compensation;

b.  an amount equal to unpaid wages and unpaid overtime compensation as liquidated damages;

-11-

c.    compensatory damages in connection with retaliation against Olivares;

d.    an amount equal to Olivares' compensatory damages as liquidated damages in connection with retaliation;

e.    punitive damages in connection with retaliation;

f.    reasonable attorneys' fees, costs, and expenses of this action;

g.    pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

h.    such other and further relief as Plaintiffs and the Class may be allowed by law.

Respectfully submitted,

_____
Mark Siurek
TBA# 18440900
Fed ID# 9417
3355 W. Alabama, Suite 1010
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3355 W. Alabama, Suite 1010
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com

LAW OFFICE OF DOUGLAS B. WELMAKER

Douglas B. Welmaker
TBA# 00788641
Fed. ID# 17038
3355 W. Alabama, Suite 1010
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
dwelmaker@warrensiurek.com